UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HERBERT BALONEY**                                          **CIVIL ACTION**

**VERSUS**                                                    **NUMBER: 04-3076**

**JO ANNE B. BARNHART, COMMISSIONER**                         **SECTION: "B"(2)**

## ORDER AND REASONS

**IT IS ORDERED** that the instant complaint be **DISMISSED,** overruling plaintiff's objections to the Magistrate Judge's Report and Recommendation for the reasons below.[1]

Plaintiff contends that the ALJ's assignment of residual function capacity and his hypothetical to the vocational expert based on that residual function capacity were not supported by subtantial evidence. The ALJ found at the fourth step of the sequential evaluation that Baloney has the residul functional capacity to perform light to medium exertional level that requires lifting and/or carrying no more than 40 pounds occasionally and 20 pounds frequently, and requires no more than occasional climbing, balancing, kneeling, or crawling. Based on this residual functional capacity, the vocational expert testified, and the ALJ found, that Baloney could return to his past relevant work as a security guard and porter.

---

[1] This Court approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion with the following analysis.

Baloney further contends that the ALJ erred because no examining physician ever assigned any limitation on the amount that plaintiff could lift. Thus, he argues, the ALJ's assignment of a weight restriction of 20 to 40 pounds is not based on substantial evidence. Baloney also contends that the ALJ erred by relying on the opinion of orthopedist F. Allen Johnston. M.D., who released Baloney to work on December 5, 2001 with no restrictions, but who allegedly provided no rationale for his release decision. (Tr. 300)

Substantial evidence supports the ALJ's findings. Baloney's mild degenerative disc disease of the cervical and lumbar spine with cervical and lumbar strain and degenerative joint diseases of the right knee are severe impairments, which could be expected to produce some limitations on lifting. When internist Norman D. Out, III, M.D., released Baloney to return to work and discharged him from his care on October 3, 2001, to be followed by orthopedist Dr. Johnson, Dr. Ott noted that Baloney should use general caution when lifting. (Tr. 275). Baloney testified that he could lift 40 pounds (Tr. 383), which the ALJ assigned as the upper limit for occasional lifting.

Dr. Johnston's release note dated December 5, 2001, is supported by his records of medical examinations and objective tests over the preceding four months (Tr. 290-99). Baloney's subjective and objective symptoms had improved since he first

presented Dr. Johnston on September 5, 2001. (Tr. 290-91). As of November 21, 2001, Dr. Johnston found that Baloney had only mild tenderness in his neck, back, and knee and had full range of motion in his cervical area, full range of motion with negative straight leg raising test and no muscle spasms in his lumbar spine and full range of motion without any crepitance or effusion in his right knee. (Tr. 298-99).

Repeated physical examinations and objective testing at the emergency room and clinics at the Medical Center of Louisiana from late 2001 through 2003 consistently showed that Baloney has normal muscle strength, full range of motion and intact neurological responses in his neck, back and extremities, without joint deformities, swelling, difficulty in ambulating, muscle atrophy or muscle spasms. As the ALJ accurately described, the objective medical evidence substantially supports the conclusion that Baloney suffers from only mild degenerative joint disease in his right knee and mild degenerative disc disease in his back and neck. (Tr. 16-17). This evidence substantially supports the ALJ's findings concerning Baloney's lifting ability.

> Whether pain is disabling is an issue for the ALJ, who has the primary responsibility for resolving conflicts in the evidence. It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and this determination is entitled to considerable deference. Pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling. Subjective complaints of pain must also be corroborated by objective medical evidence.

*Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

The ALJ found that Baloney's subjective descriptions of his limitations were not totally credible when assessed in light of the complete record. The ALJ has the responsibility to evaluate the credibility of witnesses, *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002), and his evaluation is entitled to considerable deference by this Court. *Falco v. Shalala*, 27 F.3d 160, 164 & n. 18 (5th Cir. 1994). The ALJ's explanation of his reasons for finding Baloney not entirely credible is all that is required if based on substantial record evidence. *Falco*, 27 F.3d at 163-64.

In assessing Baloney's credibility, the ALJ noted that Dr. Ott opined that Baloney had magnified his symptoms, and that both Dr. Ott and Dr. Johnson had released Baloney to work. No other treating doctor placed any restrictions on Baloney's ability to work. The ALJ also correctly noted that the medical records indicate that Baloney could walk without difficulty and had no muscle spasm, muscle atrophy, or neurological deficits suggestive of seriously limiting pain and that the medications prescribed for him relived his pain. Further, the ALJ found that Baloney's ability to work an eight-hour shift three nights a week as a security guard undermined his credibility concerning allegedly more serious limitations in his abilities to walk and sit. These findings are substantially supported by the record.

Baloney contends that he is disabled, disputes his admission that prescribed drugs relieve his pain, because he is homeless and without funds to pay for the drugs.  However, a medical condition that can reasonably be remedied by surgery, treatment, or medication is not disabling.  *Johnson v. Brown*, 864 F.2d 340, 348 (5th Cir. 1988). Moreover, although the record supports Baloney's financial inability to fill his prescriptions, Fifth Circuit precedent has established that a plaintiff's inability to pay for medicine is irrelevant if the evidence did not show initially that he would have been disabled with or without regular medical treatment.  *Tamez v. Sullivan*, 888 F.2d 334, 336 (5th Cir. 1989); *Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989).

In the instant case, the ALJ's finding that Baloney is not disabled because he retains the residual functional capacity to perform work with the restrictions stated in his opinion is supported by substantial evidence.  Accordingly, this assignment of error is without merit.

Baloney contends that if the ALJ had properly considered all the GRIDS at the fourth step of inquiry, the process would have moved to step five and the GRIDS would have applied.  If this had happened, Baloney would have been found disabled.  The ALJ found at the fourth step of the sequential evaluation that Baloney could return to his past relevant work as security guard or hotel porter.  Once the ALJ found that Baloney could return to his past relevant

work at the fourth step, the inquiry ends and the ALJ need not proceed to the fifth step.  Consequently, this assignment of error is without merit.

For the foregoing reasons, the instant complaint is **DISMISSED**.

New Orleans, Louisiana this 18th day of April, 2006.

_____
UNITED STATES DISTRICT JUDGE